Freddie **HARRIS**, Plaintiff–Appellant,

v.

Officer **BOUVIA** and Mark Mogavero, Defendants–Appellees,

Superintendent Poole, Program Committee, and Officer Gresler, Defendants.

No. 06–5410–pr.

United States Court of Appeals, Second Circuit.

July 17, 2008.

Freddie Harris, Gouverneur, New York, Pro se, for Appellant.

Owen Demuth, Assistant Solicitor General (Barbara Underwood, Solicitor General, and Patrick Barnett–Mulligan, Assistant Solicitor General, of counsel), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Appellees.

PRESENT: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, DAVID G. TRAGER, District Judge.[1]

### SUMMARY ORDER

Plaintiff–Appellant Freddie Harris, appearing pro se, appeals from the November 15, 2006 decision and order of the

---

1. The Honorable David G. Trager, Senior District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

United States District Court for the Western District of New York (Scott, *M.J.*) granting defendants-appellees' motion for summary judgment, denying his motion for summary judgment, denying all outstanding trial motions as moot, and directing the Clerk of the Court to enter judgment in favor of the defendants.[2]

This is an action brought pursuant to 42 U.S.C. Section 1983 and arises from an altercation in 2003 between Harris and another inmate while both were incarcerated at the Five Points Correctional Facility in Romulus, New York. Videotape evidence of the altercation demonstrates that it lasted less than two minutes and that neither of the participants suffered any significant injury. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues raised on appeal.

"We review a grant of summary judgment de novo, utilizing the same standard as the district court." *Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 245 (2d Cir.2008). Summary judgment is appropriate if the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Upon our review of the record, we conclude that the district court appropriately granted the defendants-appellees' motion for summary judgment.[3]

For the reasons stated above, the decision and order of the district court is hereby **AFFIRMED**.

---

**2.** The claims against Defendants Superintendent Poole, Program Committee, and Officer Gresler were dismissed by a prior order of the district court, dated July 1, 2005. That decision was not appealed.

**3.** Plaintiff-appellant's "Motion for Appeal" is accordingly denied as moot.